# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIE C. SIMPSON,**

      Plaintiff,

    -vs-                                                     Case No. 15-CV-186

**SCOTT WALKER,**
**WILLIAM POLLARD, and**
**EDWARD F. WALL,**

      Defendants.

# DECISION AND ORDER

The plaintiff, Willie C. Simpson, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on a number of motions filed by the plaintiff and for screening of the plaintiff's complaint.

The plaintiff filed a motion for leave to proceed *in forma pauperis*, along with a certified copy of his prison trust account statement. Based on that information, the Court determined that the prisoner lacked the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

> United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), courts must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA. *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998).

There has been some confusion over the years regarding whether the plaintiff has accumulated three strikes. This is due in part to the clarification of the law in *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010), that "a strike is incurred under § 1915(g) when an inmate's case is dismissed *in its entirety* based on the grounds listed in § 1915(g)." (emphasis in original).

At this point, though, the plaintiff has accumulated more than three strikes. They include: (1) *Simpson v. Walker*, No. 14-CV-198 (E.D. Wis., Griesbach, J.) (dismissed for failure to state a claim); (2) *Simpson v. Haines*, No. 13-2146 (7th Cir. Oct. 25, 2013) (appeal dismissed as frivolous); and (3) *Simpson v Kingston*, No. 04-C-298 (W.D. Wis., Crabb, J.) (case dismissed with prejudice, strike assessed). Because the plaintiff has

previously filed at least three actions which were dismissed as frivolous, malicious, or for failure to state a claim, his motion to leave to proceed *in forma pauperis* will be denied unless he is under imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002) and *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)).

The plaintiff has included in his complaint allegations of imminent danger. He also filed a motion for leave to proceed under the 28 U.S.C. § 1915(g) imminent danger exception. However, the imminent danger exception to § 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury' . . . ." *Lewis*, 279 F.3d 526, 531 (7th Cir. 2002); *see also*, *Ciarpaglini*, 352 F.3d at 330 (holding that a plaintiff's allegations of a past injury that has not recurred does not justify *in forma pauperis* status).

The plaintiff's complaint challenges a provision of the Wisconsin Administrative Code, DOC 303.75, which provides that, "In addition enforcing this chapter, the department shall work with local law enforcement and the district attorney so that violations of criminal statutes may be investigated and appropriately referred for prosecution." The plaintiff names as defendants only the Governor, the Warden, and the Secretary of the Wisconsin Department of Corrections.

The plaintiff attempts to allege imminent danger by suggesting that individual guards (acting in concert) at Waupun Correctional Institution threaten him with physical harm in retaliation for past criminal charges, have already punched him in the face, and now harass and threaten to finish him off. While these are serious allegations, they have nothing to do with the ability of Wisconsin Department of Corrections staff who work with law enforcement officials to investigate violations of criminal law and refer those inmates for criminal prosecution. Because there is no relationship between the plaintiff's allegations of imminent danger and the allegations in his complaint, the Court concludes that the plaintiff is not under imminent danger of serious physical injury and therefore, may not proceed *in forma pauperis* under that exception to 28 U.S.C. § 1915(g).

The plaintiff incurred the filing fee by filing his complaint. *Newlin*

*v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). The fact that this Court is denying the request to proceed *in forma pauperis* means that the full filing fee of $400.00 ($350.00 filing fee and $50.00 administrative fee that applies to litigants not proceeding *in forma pauperis*) is due within 14 days of this order. *Id.*; 7th Cir. R. 3(b). If the plaintiff pays the full filing fee within 14 days, the Court will screen the plaintiff's complaint under 28 U.S.C. § 1915A. Failure to pay in full within the time limits will result in a dismissal of this case. *Newlin*, 123 F.3d at 434.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to proceed under the 28 U.S.C. § 1915(g) imminent danger exception (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall forward to the clerk of this court the sum of $400.00 as the full filing fee in this case within 14 days of the date of this order. The plaintiff's failure to comply with this order will result in dismissal of this case. The payment shall be clearly identified by the case name and number assigned to this action.

- 5 -

Case 2:15-cv-00186-RTR   Filed 09/02/15   Page 5 of 6   Document 32

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 2nd day of September, 2015.

**BY THE COURT:**

*[signature]*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**